O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0087-DOC (MLGx)                              Date: April 10, 2013

Title: GATEWAY REHAB AND WELLNESS CENTER, INC. V. AETNA HEALTH OF CALIFORNIA, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Julie Barrera                              N/A
Courtroom Clerk                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is a Motion to Dismiss (Dkt. 6) filed by Defendant Aetna Life Insurance Co. ("Defendant") (erroneously sued as Aetna Health of California, Inc.). After reviewing the Motion, Opposition, and Reply, the Court hereby GRANTS Defendant's Motion to Dismiss.[1]

**I.    Background**

Plaintiff's Complaint pleads the following facts.

Plaintiff Gateway Rehab and Wellness Center, Inc. ("Plaintiff"), is a medical service provider that offers physical therapy and chiropractic and acupuncture services to the public. Compl. (Dkt. 1 Ex. B) ¶ 5. Between January 2007 and May 2010, Plaintiff provided medical services to patients who were enrolled in health care plans sponsored by, or administered by, Defendant (hereinafter "Audit Patients"). *Id.* ¶ 6. In May 2010, Defendant claimed to have completed an audit of payments made to Plaintiff for services rendered to Audit Patients, which revealed that Defendant overpaid Plaintiff by

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; L. R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0087-DOC (MLGx)            Date: April 10, 2013
                                                                                    Page 2

$329,338.92. *Id.* ¶ 7. In June 2010, Plaintiff indicated to Defendant that there was no overpayment and that it would not pay Defendant any of the funds requested. *Id.* ¶ 8. After September 12, 2012, Plaintiff treated a number of patients insured by Defendant (hereinafter "Patients"). *Id.* ¶ 9. Plaintiff timely and properly submitted claims to Defendant for repayment of these medical expenses, but Defendant refused to reimburse Plaintiff. *Id.* ¶¶ 11–12. Plaintiff believes that Defendant refuses to pay Plaintiff for services rendered to Patients because it believes that Plaintiff should repay Defendant for the claims relating to Audit Patients. *Id.* ¶ 13. As a result, Plaintiff has suffered $156,431 in damages because of the services rendered to Patients. *Id.* ¶ 14.

         a.       **Procedural History**

On September 27, 2012, Plaintiff filed its Complaint in Orange County Superior Court. Not. of Removal (Dkt. 1) at Ex. B. The Complaint included claims for: (1) breach of implied-in-fact contract; (2) common counts; (3) quantum meruit; (4) unjust enrichment; (5) estoppel; and (6) declaratory relief. Defendant then removed the case to this Court on January 17, 2013. Not. of Removal. On January 24, 2013, Defendant filed its Motion to Dismiss all of Plaintiff's claims, except its claim for declaratory relief. Mot. Plaintiff filed its Opposition on February 4, 2013. Opp'n (Dkt. 8). Defendant then filed its Reply on February 11, 2013. Reply (Dkt. 10).

         **II.**       **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0087-DOC (MLGx)            Date: April 10, 2013
                                                                                         Page 3

       In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

       A motion to dismiss under Rule 12(b)(6) cannot be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of–4rt at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

       Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125–26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

       Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0087-DOC (MLGx)            Date: April 10, 2013
                                                                                  Page 4

Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III.    Discussion

Plaintiff brings claims for: (1) breach of implied-in-fact contract; (2) common counts; (3) quantum meruit; (4) unjust enrichment; (5) estoppel; and (6) declaratory relief. Defendant moves to dismiss all of Plaintiff's claims except for its claim for declaratory relief. The parties primarily dispute whether Defendant represented that it would reimburse Plaintiff for services rendered to Patients. The Court concludes that Plaintiff has not alleged facts that plausibly show Plaintiff is entitled to relief based on either legal or equitable principles. Plaintiff is not entitled to relief because it has not alleged facts that show Defendant represented it would reimburse Plaintiff for services rendered to Patients.

#### a.    Implied-in-Fact Contract

Plaintiff claims that an implied-in-fact contract exists between itself and Defendant, according to which Plaintiff agreed to treat patients enrolled in Defendant's plans in return for reimbursement by Defendant at its customary rate. Compl. ¶ 16. Defendant argues that Plaintiff has not alleged facts sufficient to establish the mutual assent required for the creation of an implied-in-fact contract. Mot. at 5–6.

"A 'contract implied in fact consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise have not been expressed in words.'" *San Mateo Union High Sch. Dist. v. Cnty. of San Mateo*, 152 Cal. Rptr. 3d 530, 548 (2013) (citing *Retired Emps. Assn. of Orange County, Inc. v. County of Orange*, 52 Cal. 4th 1171, 1178 (2011)); *see also Gorlach v. Sports Club Co.*, 148 Cal. Rptr. 3d 71, 79 (2012) (noting that "'the very heart of this kind of agreement is an intent to promise'" (citation omitted)). "A course of conduct can show an implied promise." *Cal. Emergency Physicians Med. Group v. PacifiCare of Cal.*, 4 Cal. Rptr. 3d 583, 592 (2003). However, "the assumption, intention or expectation of either party alone, not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0087-DOC (MLGx)             Date: April 10, 2013
                                                                                  Page 5

made known to the other, can give rise to no inference of an implied contract ." *Travelers Fire Ins. Co. v. Brock & Co.*, 47 Cal. App. 2d 387, 392 (1941).

       Plaintiff has not plausibly alleged that it possessed anything beyond a mere expectation that Defendant would reimburse it for services rendered to Patients. Plaintiff argues that by reimbursing it from January 2007 to May 2010, Defendant created an implied contract to continue to reimburse it. Compl. ¶¶ 6, 16. Plaintiff never alleges that it made known to Defendant that it expected Defendant to continue to reimburse it, nor that Defendant was somehow made aware of this expectation. Therefore, Plaintiff has not adequately alleged an intent to promise on Defendant's part.

       Plaintiff cites *Varni Brothers Corp. v. Wine World, Inc.*, 41 Cal. Rptr. 2d 740 (1995), as support for its claim that an implied contract existed between the parties. Opp'n at 5. In *Varni*, however, the court found an intent to promise based on evidence that the practice of verbal contracts and implied agreements predominated in the industry at the time. *Id.* at 742–43. Plaintiff has made no such allegation.

       Even if Plaintiff had adequately pled that Defendant intended to promise, the Court could not find an implied-in-fact contract because the terms are not sufficiently definite. "Where a contract is so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained, the contract is void and unenforceable." *Robinson & Wilson, Inc. v. Stone*, 110 Cal. Rptr. 675, 683 (1973) (noting that "the scope of the duty and limits of acceptable performance [must] be at least sufficiently defined to provide a rational basis for the assessment of damages"). Plaintiff has not pled the most rudimentary terms necessary for the determination of damages, including how long Defendant was contractually obligated to reimburse Plaintiff for services rendered to insureds, or the rate of reimbursement. The Court cannot find that an implied contract existed between the parties if Plaintiff does not allege these basic terms.[2]

       Therefore, the Court GRANTS Defendant's Motion. Plaintiff's claim for breach of implied-in-fact contract is DISMISSED without prejudice.

---

[2] Plaintiff also implies that Defendant's refusal to reimburse it for services rendered to Patients was, at least in part, animated by a desire to retaliate for Plaintiff's own refusal to reimburse Defendant. Compl. ¶ 13. Without a contract, however, Plaintiff cites to no authority for the proposition that this would be unlawful.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0087-DOC (MLGx)            Date: April 10, 2013
                                                                              Page 6

       **b.**        **Quantum Meruit**

Plaintiff bases its claim for quantum meruit on the allegation that Defendant represented that it would pay for services rendered to Patients, and that Defendant benefited from those services. Compl. ¶¶ 25, 28. Defendant argues that Plaintiff's claim fails primarily because it has not pled that Defendant ever requested that Plaintiff render these services. Mot. at 7.

"[I]n order to recover under a quantum meruit theory, a plaintiff must establish both that he or she was acting pursuant to either an express or implied request for such services from the defendant and that the services rendered were intended to and did benefit the defendant." *Day v. Alta Bates Med. Ctr.*, 98 Cal. App. 4th 243, 248 (2002). Furthermore, "when the services are rendered by the plaintiff to a third person, the courts have required that there be a specific request therefor from the defendant." *Day*, 98 Cal. App. 4th at 249; *see also In re De Laurentiis Entm't Group, Inc.*, CV 90 6039 JGD, 1991 WL 340567, at *2–3 (C.D. Cal. Mar. 5, 1991), *aff'd sub nom. In re De Laurentiis Entm't Group Inc.*, 963 F.2d 1269 (9th Cir. 1992); *Earhart v. William Low Co.*, 25 Cal. 3d 503, 506 (1979). Defendant argues that Plaintiff's claim must be dismissed because it has not pled that Defendant ever specifically requested that Plaintiff perform services for Patients. Mot. at 7. Plaintiff does not dispute that Defendant did not specifically request its services, but instead argues that it is sufficient that Defendant merely "impliedly requested" them. Opp'n at 8. According to Plaintiff, Defendant impliedly requested its services by reimbursing it for services rendered to Audit Patients. *Id.*

An implied request is not sufficient to sustain a cause of action for quantum meruit when the benefit has been conferred by a plaintiff upon a third party, and not the defendant, and the defendant has not made a specific request for those services. *See Day*, 98 Cal. App. 4th at 249. Plaintiff does not cite any legal authority that disputes this proposition, nor does it allege that Defendant ever specifically requested its services.

Therefore, the Court GRANTS Defendant's Motion to Dismiss. Plaintiff's claim for quantum meruit is DISMISSED without prejudice.

       **c.**        **Promissory Estoppel**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0087-DOC (MLGx)            Date: April 10, 2013
                                                                                   Page 7

Plaintiff also brings a claim for promissory estoppel based on Defendant's alleged promise to reimburse Plaintiff for services rendered to Patients. Compl. ¶ 32. Defendant argues that Plaintiff has not stated a claim for promissory estoppel for two reasons: (1) it has not alleged that Defendant made a "clear and unambiguous" promise, and (2) it has not pled the facts necessary to establish its justifiable reliance. Mot. at 8.

"The required elements for promissory estoppel in California are . . . (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Laks v. Coast Fed. Sav. & Loan Assn.*, 60 Cal. App. 3d 885, 890 (1976).

Plaintiff argues that Defendant's representation that it would reimburse Plaintiff for services rendered is sufficient to meet the first prong of a claim for promissory estoppel. Opp'n at 9. Plaintiff does not specify the representation to which it is referring. If Plaintiff is attempting to characterize the fact that Defendant reimbursed it for services rendered to Audit Patients as a promise—conduct which it previously characterized as an "implied request"—then it has failed to meet this prong. Opp'n at 8. An implied request is not, by its very terms, a "clear and unambiguous" promise.

Even if Plaintiff had alleged that Defendant made a clear and unambiguous promise, its claim would fail because it did not plead facts showing justifiable reliance. In order to state a claim for promissory estoppel, a plaintiff must plead facts that show its justifiable reliance. *See, e.g.*, *Smith v. City & Cnty. of San Francisco*, 275 Cal. Rptr. 17, 23 (1990). In *Smith*, the court dismissed the plaintiff's claim because he did not allege facts showing justifiable reliance. *Id.* Instead, he merely stated that he "reasonably and justifiably relied on the City's promises." *Id.* Plaintiff similarly failed to plead any facts showing that it reasonably relied on Defendant's representations. If Plaintiff does not plead facts that show that it reasonably changed its position because of what it was promised by Defendant, it cannot state a cause of action for promissory estoppel. *See Smith*, 275 Cal. Rptr. at 23 (1990).

Therefore, the Court GRANTS Defendant's Motion to Dismiss. Plaintiff's claim for promissory estoppel is DISMISSED without prejudice.

        **d.**     **Unjust Enrichment**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0087-DOC (MLGx)            Date: April 10, 2013
                                                                                  Page 8

---

       Plaintiff also brings a claim for unjust enrichment based on the alleged benefit that Defendant unjustly received as a result of Plaintiff's services to Patients. Compl. ¶¶ 28–29. Defendant argues that Plaintiff has not stated a claim because in California, no cause of action for unjust enrichment exists. Mot. at 9.

       "[T]here is no cause of action in California for unjust enrichment." *Durell v. Sharp Healthcare*, 108 Cal. Rptr. 3d 682, 699 (2010) (quoting *Melchior v. New Line Prods., Inc.*, 131 Cal. Rptr. 2d 347, 357 (2003); *McKell v. Washington Mut., Inc.*, 49 Cal. Rptr. 3d 227, 254 (2006)). When a plaintiff in California brings a cause of action for unjust enrichment, courts determine if the plaintiff can recover under any theory of restitution. *See, e.g.*, *id.*; *McBride v. Boughton*, 20 Cal. Rptr. 3d 115, 121 (2004).

> There are several potential bases for a cause of action seeking restitution. For example, restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason. Alternatively, restitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct. In such cases, the plaintiff may choose not to sue in tort, but instead to seek restitution on a quasi-contract theory (an election referred to at common law as "waiving the tort and suing in assumpsit"). In such cases, where appropriate, the law will imply a contract (or rather, a quasi-contract), without regard to the parties' intent, in order to avoid unjust enrichment.

*McBride*, 20 Cal. Rptr. 3d at 121–22. Plaintiff does not allege that an express contract existed between the parties. Compl. ¶ 5. Therefore, only the quasi-contractual theory of restitution remains. *See McBride*, 20 Cal. Rptr. 3d at 122 (analyzing the plaintiff's claim under the quasi-contract theory of restitution because he did not allege that an express contract existed).

       According to the quasi-contractual theory of restitution, "[a]n individual is required to make restitution if he or she is unjustly enriched at the expense of another. A person is enriched if the person receives a benefit at another's expense." *Id.* at 122

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0087-DOC (MLGx)            Date: April 10, 2013
                                                                              Page 9

(quoting *First Nationwide Sav. v. Perry*, 15 Cal. Rptr. 2d 173, 176 (1992)). Plaintiff has not pled facts showing with particularity what benefit Defendant allegedly received at Plaintiff's expense, nor that it would be unjust for Defendant to fail to reimburse Plaintiff for services rendered to Patients.

Therefore, Defendant's Motion to Dismiss is GRANTED. Plaintiff's claim for unjust enrichment is DISMISSED without prejudice.

### e. Common Counts

Plaintiff also brings a claim for common counts. Compl. ¶ 21. Defendant argues that Plaintiff's claim should be dismissed because it relies on the facts pled in Plaintiff's other claims, which also merit dismissal. Mot. at 9–10.

"When a common count is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count is demurrable if the cause of action is demurrable." *McBride v. Boughton*, 20 Cal. Rptr. 3d 115, 127 (2004). Plaintiff argues that its claim should not be dismissed because it maintains well-pled causes of action for breach of contract, quantum meruit, and unjust enrichment. Opp'n at 10. For reasons the Court has already explained, Plaintiff has not stated a cause of action for any of these claims. Moreover, Plaintiff's claim for common counts relies upon the same facts stated in its previous claims, and asks for the same recovery.

Therefore, the Court GRANTS Defendant's Motion to Dismiss. Plaintiff's claim for common counts is DISMISSED without prejudice.

### IV. Disposition

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss and DISMISSES without prejudice as to all of Plaintiff's claims, except its claim for declaratory relief.

Plaintiff shall file an amended complaint, if at all, on or before April 29, 2013. In its amended complaint, Plaintiff must allege specific facts showing the terms, timing, and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0087-DOC (MLGx)          Date: April 10, 2013
                                                                                       Page 10

other relevant details of any alleged agreement or promise, as well as facts that address the other defects described in this Order.

        The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                        Initials of Deputy Clerk: jcb